IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EFFINGHAM RETAIL 27, Inc., d/b/a ) <br> THE LION'S DEN, ) <br>  ) <br>     Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> VILLAGE OF MONTROSE, et al., ) <br>  ) <br>     Defendants. ) | Case No. 2005-cv-4029-JPG |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on defendants Village of Montrose and Dennis Fletcher's motion to dismiss the complaint in this case (Doc. 15) and accompanying memorandum of law (Doc. 16), to which plaintiff Effingham Retail 27, Inc., d/b/a The Lion's Den responded (Doc. 20) and the defendants replied. (Doc. 21). As discussed below, the motion will be GRANTED IN PART and DENIED IN PART.

The relationship between this case and a pending Illinois state-court case makes separating what's going on in each case difficult and confusing. Let's start with what we know about this case, taken from the complaint. At the heart of the litigation is a small retail store called The Lion's Den, which is situated on a frontage road just off Interstate 70 in Effingham County, Illinois, in the tiny village of Montrose (pop. › 300). Just how one should best classify its wares has been hotly contested. The Lion's Den, for its part, describes its inventory as "non-obscene, sexually oriented books,

magazines, periodicals and videotapes, as well as other materials." But an Illinois circuit court judge, the Effingham County State's Attorney, the Montrose Village Board, and many of its citizens all disagree. In any event, The Lion's Den opened its doors in early 2003 and quickly drew the attention of Village authorities. During a Village meeting held soon after the store opened, The Lion's Den alleges, "the subject of imposing weight limits on common carriers traveling on Frontage Road, the road on which [The Lion's Den] was located," was discussed. That was important, because truck drivers are The Lion's Den's number one source of customers and a restriction on their access to the store would've therefore crippled sales. But the Village apparently liked the idea and, citing Montrose Ord. 335 to justify its actions, "[o]n the morning of February 27, 2003,. . . defendants caused two signs to be placed on Frontage Road, within a mile of Interstate 70, that purported to prohibit travel on Frontage Road by all semi-tractor trailers and common carriers over a certain weight limit." For what it's worth, the Court's review of Ord. 335 doesn't seem to support this restriction; section 6 of the ordinance, captioned "Weight Limits," doesn't list Frontage Road among the streets subject to the restriction. Regardless, those signs apparently came and went, as perhaps other signs to that effect might have done as well. Be that as it may, continues The Lion's Den, the defendants also "placed other impediments, including concrete construction barriers, on Frontage Road to prevent semi-tractor trailers and common carriers from traveling to [T]he Lion's Den." So stated are the facts of this lawsuit.

Now for the state case, which as the Court understands is in the nature of a

lawsuit to abate a nuisance brought against The Lion's Den by the Effingham County State's Attorney on behalf of the Village. Note that 65 ILCS 5/11-5-1.5 prohibits any "adult entertainment facility" from being located within 1,000 feet of either a village or a park. The Lion's Den meets both criteria, the state court held after a hearing on the matter, though the latter notion seems to have been uncontested in those proceedings. In its defense The Lion's Den argued that §11-5-1.5 was unconstitutional as applied to those facts. The state court disagreed. But importantly for present purposes, while noting that the Village had passed a zoning ordinance in late 2003 (recall that the store opened in early 2003) which, when read in conjunction with §11-5-1.5, admittedly had the *effect* of prohibiting The Lion's Den from relocating anywhere within the Village borders, the state court noted that the zoning ordinance's constitutionality wasn't at issue in that case. "The Defendants have not challenged the constitutionality of the ordinance, and its validity is not at issue before the Court in this case," it wrote. Finding an injunction warranted upon its consideration of the evidence, the state court "permanently enjoined [The Lion's Den] from operating the adult bookstore and adult video store . . . or any other adult entertainment facility, at its current location, commonly known as 401 Frontage Road, in the Village of Montrose, Effingham County, Illinois."

Which brings us to the current motion to dismiss, most of which seems to be an assortment of case names thrown at the wall in the hopes that something might stick. Indeed, of the seven grounds presented in the motion only one is meritorious; the

remainder aren't even close and can therefore be dealt with swiftly. Take for example the argument that this Court is without jurisdiction to hear this case in light of the ongoing state proceedings. Granted, it's hard to tell just what the defendants are saying on this score; for the crux of their argument is a one-page block quote from the United States Supreme Court's recent decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517 (2005). (For what it's worth, it's the caption of this section in their brief that suggests to the Court we're talking jurisdiction here.) *Exxon*, which clarified the doctrines set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), held that the *Rooker/Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 125 S. Ct. 1521-1522. That's clearly not the situation in this case; not even the defendants suggest that the state-court case ended before February 23, 2005, the date this case was filed, and nothing in the complaint invites reexamination of those proceedings in any event. The Village's actions vis-a-vis a road are at issue in this case; the application of §11-5-1.5 is at issue in that case. Likewise, the abstention principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971), don't apply in this case because the Village isn't currently prosecuting The Lion's Den for violating Ord. 335. *Younger* rests on the assumption that state courts are as capable as federal courts of deciding constitutional questions, e.g., *General Auto Serv. Station, L.L.C. v. City of Chicago*, 319 F.3d 902, 905 (7th Cir. 2003), but if

there's no state prosecution–as is the case here-it follows that no such forum could possibly exist. On that note, perhaps the defendants have a point in suggesting that this case isn't ripe because enforcement action has never been contemplated and presumably won't be undertaken in the future. Compare *Lawson v. Hill*, 368 F.3d 955 (7th Cir. 2004). But that's a matter of competing characterizations, and as recounted above, the complaint clearly sets out facts suggesting otherwise. Finally, because the state-court case hadn't reached a final judgment when the motion to dismiss was filed in this case, it's hard to see what the defendants are getting at by arguing that principles of claim preclusion somehow apply here. Saying The Lion's Den has brought this "protective action" for "offensive use" in the state proceedings is little more than saying nothing at all, as is the defendants' supposition that this case should be dismissed for failure to exhaust administrative remedies without specifying, at a minimum, exactly what process they believe should've been exhausted.

Thus we reach the one meritorious issue raised in the motion to dismiss, though the defendants here, too, failed to hit center mass with their argument. Note that counts VIII, IX and X of the complaint state claims against the Village for failing to maintain Frontage Road in a reasonably safe condition in violation of 745 ILCS 10/3/1-2 and "state law." In response to those theories, the defendants argued that the one section The Lion's Den cited, which is part of the Illinois Tort Immunity Act, doesn't prescribe duties upon municipalities. Rather, the defendants claim, "It is [ ] well-established by Illinois case law . . . that §3-102 only prescribes immunities and defenses available to

local public entities." That statement is correct as far as it goes, but it's certainly not to say, as The Lion's Den correctly observes in response to the motion to dismiss, that municipalities owe no duty of reasonable care to those physically injured on its roadways, as the cases The Lion's Den cites for that proposition clearly hold. See *Curatola v. Village of Niles*, 608 N.E.2d 882 (Ill. App. Ct. 1993); *Torres v. City of Chicago*, 578 N.E.2d 158 (Ill. App. Ct. 1991). But to recognize that a duty exists says nothing about the propriety of the remedy sought as a separate matter. Enter the problem in this case, for consider The Lion's Den's allegations along this vein:

> Defendants' neglect of, and its failure to maintain, Frontage Road between the Interstate and Plaintiff's premises has impaired and impeded traffic to Plaintiff's place of business.
>
> As a direct and proximate result of the defendants' failure to maintain Frontage Road between the Interstate and Plaintiff's premises, plaintiff has lost revenue, profits and goodwill, and is entitled to compensatory damages from each of the defendants, and punitive damages from defendant Fletcher only.

That said, the tort practitioner will readily note the problem. As the defendants posit, the Tort Immunity Act merely codifies duties which separately exist at common law, e.g., *Village of Bloomingdale v. C.D.G. Enter.*, 752 N.E.2d 1090, 1095 (Ill. 2001), like negligence, and at common law one cannot recover in tort for purely economic injuries, see *Dundee Cement Co. v. Chem. Lab., Inc.*, 712 F.2d 1166, 1169-1170 (7th Cir. 1983), and cases cited therein, which as shown above is all The Lion's Den alleges here.

For the foregoing reasons, defendants' motion to dismiss (Doc. 15) is **GRANTED IN PART** and **DENIED IN PART**. Because the state-law claims at issue here seek

recovery in tort for purely economic losses, Counts VIII, IX and X of the complaint are **DISMISSED with leave to replead** within fifteen days of receipt of this order, if that is possible. Per FED. R. CIV. P. 12(a)(4), the defendants are **DIRECTED** to file an answer within 10 days of notice of this order. Because of the pending appeal in the state-court proceedings, which as discussed at a recent telephone conference in this case may moot some of the claims at issue here, the trial dates in this case are **VACATED** and all briefing, with the exception of status reports detailing the progress of the state appeal and defendants' answer, is **SUSPENDED** pending further order of this Court.

**IT IS SO ORDERED.**

**Dated: July 26, 2005.**

>  /s/ J. Phil Gilbert
>  J. PHIL GILBERT
>  U.S. District Judge